UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
DANIEL GILL,

                        Plaintiff,                       Case No.: 1:23-cv-04087

-v
RUDOLPH W. GIULIANI, THE CITY OF NEW YORK,
P.O. MATTHEW T. MCCARTHY,
DETECTIVE MICHAEL LEVAY
SGT. FNU MILATTA, SGT. JAMES COUGHLIN,
SUPERVISER(S) JOHN DOE(S) Defendants.,

                        Defendants.
------------------------------------------------------------------------ x

# DEFENDANT GIULIANI'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Rudolph W. Giuliani
*Defendant Pro Se*
45 East 66th Street, 10th Fl.
New York, NY 10065

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ..................................................................................................1

II. STATEMENT OF FACTS.........................................................................................................2

III. LEGAL STANDARD ................................................................................................................4

IV. ARGUMENT..............................................................................................................................5

   A. Plaintiff's Second Cause for Conspiracy under 42 U.S.C. § 1985 Must Be Dismissed Because it Is Devoid of Requisite Detail ............................................................................. 5

   B. Plaintiff's Fourth Cause of Action for Defamation Fails Because All of the Proffered Statements are Unactionable Opinions ................................................................................. 7

   C. Plaintiff's Fifth Cause of Action, Which Seems to Be A Cause of Action for Intentional Infliction of Emotional Distress, Must Be Dismissed For Failing to Meet the Rigorous Pleading Standard For This Cause of Action ..................................................................... 11

   D. Plaintiff's Sixth Cause of Action for Negligent Infliction of Emotional Distress Must be Dismissed As Against Giuliani Because No Duty Was Owed to Plaintiff And Plaintiff Has Not Alleged Fear for His Safety ................................................................... 13

V. CONCLUSION ........................................................................................................................14

Defendant Rudy Giuliani respectfully submits this memorandum of law in support of his motion to dismiss the Complaint against him, in its entirety, pursuant to Fed. R. Civ. P. 12(b)(6)

## I.   PRELIMINARY STATEMENT

It is beyond dispute that Mr. Gill ("Plaintiff" or "Gill") made contact with Mr. Giuliani and started shouting at him, while Mr. Giuliani, the former mayor of New York City and at the time, father of a Gubernatorial candidate, was on a campaign stop at a local supermarket for his son's campaign. While Mr. Gill claims that he merely put his hand on Mr. Giuliani's back and shouted "What's up scumbag," to get his attention, the video evidence, which Plaintiff touts through the Complaint and therefore can be considered by the Court, demonstrates that the purported "tap" startled Mr. Giuliani, causing him to break from his conversation and a woman next to him felt it was necessary to rub Mr. Giuliani on the back. The video also shows that Mr. Gill likely said considerably more than "What's up Scumbag" based on Mr. Giuliani and the crowd's reaction.

Despite making this contact on Mr. Giuliani, Mr. Gill audaciously brings this complaint against Mr. Giuliani, alleging four causes of action against him: conspiracy under 42 U.S.C. § 1985; defamation per se; negligent infliction of emotional distress; and intentional infliction of emotional distress. Regardless of the differing views of what transpired, Mr. Gill has not alleged any cause of action against Mr. Giuliani.

- With respect to Plaintiff's conspiracy cause of action, Plaintiff's claim must be dismissed because it is devoid of any facts demonstrating an agreement or any coordination between Mr. Giuliani and the NYPD and the Complaint has not alleged any of the parties' actions were class-based on race-based, a requirement to make a claim for such a conspiracy.

- With respect to Plaintiff's claim for defamation *per se*, this claim also must be dismissed for failure to state a claim because all of Mr. Giuliani's statements were unactionable opinions reflecting the situation and the reasonable listener would know them as such.

- The claim for negligent infliction of emotional distress fails as a matter of law because it is beyond dispute that Mr. Giuliani did not owe Plaintiff a duty of care—a requisite element to state a claim for negligent infliction of emotional distress.

- The claim for intentional inflectional of emotional distress, which is disfavored by the courts, also fails because Plaintiff has not sufficiently pleaded any outrageous conduct or that Mr. Gill has suffered severe emotional distress.

Based on the foregoing, the Complaint as against Mr. Giuliani must be dismissed in its entirety.

## II.  STATEMENT OF FACTS

For the purposes of this motion, Mr. Giuliani must accept these allegations in the Complaint as true, but to be clear, Mr. Giuliani denies that he conspired with the NYPD or that he made any defamatory statements. On June 26, 2022, Mr. Giuliani, the former mayor of New York City, was making a campaign stop for his son's campaign for New York State Governor at a local supermarket where plaintiff Gill worked. Complaint ¶¶ 3, 23. Plaintiff admits that he placed his hand on Mr. Giuliani's back, describing it as a "tap." *Id.* He also admits that he called him a "scumbag" to get his attention. *Id.* The Complaint repeatedly references a videotape of the encounter, which the Court can consider because it is incorporated by reference to the Complaint. *See* Giuliani Dec. Ex. B. The video demonstrates that the "tap" was made with enough force to startle Mr. Giuliani and that a lady standing next to Mr. Giuliani felt it necessary to rub Mr. Giuliani's back immediately. Additionally, the video and its timing, demonstrate that Mr. Gill, although wearing a mask, was likely saying something more than "What's up scumbag" because

the audience, including Mr. Giuliani, appear to be listening to him longer than the time it would take someone to say "What's up Scumbag!" (Mr. Giuliani claims he was talking about his views on abortion.)

The Complaint explicitly alleges and the Court should consider the political nature of this encounter. Mr. Giuliani is a former mayor of New York City and is obviously in the news a lot these days and his son was running for Governor. The Complaint explicitly states that Mr. Gill was not a fan of Mr. Giuliani. *Id.* at ¶¶ 3, 25. The NYPD is entitled to ascertain what kind of threat, if any, Mr. Gill posed to Mr. Giuliani and his family.

The Complaint further alleges that someone—not Mr. Giuliani—called 911 and police showed up. Complaint ¶ 27. Mr. Gill somehow purports to know that Mr. Giuliani told the police (Par 33-34, 39), even while admitting that he was placed in the store security office under guard (Par. 35) and the video seems to indicate that he is being removed from Mr. Giuliani's presence. Tellingly, the Complaint does not allege or provide any details of Mr. Giuliani instructing the NYPD to arrest Mr. Gill or to refuse to give him a desk appearance. Instead, Mr. Gill manufactures a conspiracy because Mr. Giuliani stated public praise for the police:

> Defendant Giuliani's civil rights conspiracy with the Police Defendants was confirmed by Defendant Giuliani himself. Specifically, Defendant Giuliani stated publicly: The police were great. This is Staten Island, the cops out here, they are on their own. Some guy in the DA's office was trying to lower the charges. And the cops said no, this is a seventy-eight-year-old guy, this is assault two, no assault three. This guy is going in.

Complaint ¶ 44. Plaintiff also objects to a litany of opinions that Mr. Giuliani purportedly made about Mr. Gill, including comments calling him "a little squirt," "a criminal," and "that he appeared high and drunk." Mr. Giuliani also made comments about the extent of his injuries. Complaint ¶¶ 50-51.

Plaintiff now brings four causes of action against Mr. Giuliani— one for conspiracy; one for defamation; one for negligent inflict of emotional distress; and one for intentional infliction of emotional distress. All four causes of action against Mr. Giuliani must be dismissed for failing to state a claim.

### III.   LEGAL STANDARD

In considering a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true the well-pleaded factual allegations set forth in the complaint and draw all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). In so doing, the Court need not give "credence to plaintiff's conclusory allegations" or legal conclusions offered as pleadings. *Cantor Fitzgerald v. Lutnick*, 313 F.3d 704, 709 (2d Cir. 2002) (internal quotation marks omitted). Indeed, the court should begin by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. 679. If well-pleaded factual allegations exist, the court must then determine whether they plausibly give rise to an entitlement for relief. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." A complaint must therefore contain more than "naked assertion[s] devoid of further factual enhancement." Pleadings that contain "no more than conclusions . . . are not entitled to the assumption of truth" otherwise applicable to complaints in the context of motions to dismiss. *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87-88 (2d Cir. 2013).

> When determining the sufficiency of a claim for Rule 12(b)(6) purposes,
>
> consideration is limited to the factual allegations in plaintiffs' . . . complaint, which are accepted as true, to documents attached to the complaint as an exhibit or **incorporated in it by reference**, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.

*Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) (emphasis added).

4

## IV. ARGUMENT

### A. Plaintiff's Second Cause for Conspiracy under 42 U.S.C. § 1985 Must Be Dismissed Because it Is Devoid of Requisite Detail

Mr. Gill fails to sufficiently plead a claim under 42 U.S.C. § 1985 ("Section 1985"), and therefore, the Second cause of action must be dismissed. As an initial matter, Plaintiff does not specify which of the three sections of Section 1985 form the basis to Plaintiff's claim and under *Iqbal* Plaintiff should not be made to guess the basis for Plaintiff's claim. Presumably, Plaintiff means to form its claim under 1985(3), which relates to a conspiracy to deprive persons of rights or privileges. *See* 42 U.S.C. § 1985. Section 1985(1) pertains to preventing officers of the United States from performing their duties through force, intimidation and threat and 1985(2) pertains to conspiracies to obstruct justice by intimidating a witness, party, or juror. Neither officers of the United States nor witnesses, jurors or parties are at issue here.

To plead a conspiracy claim under Section 1985(3), a plaintiff must allege "1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and 3) an act in furtherance of the conspiracy; 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015) (quoting *Britt v. Garcia*, 457 F.3d 264, 269 n.4 (2d Cir. 2006)). "The conspiracy must also be 'motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus…'" *Id.* (quoting *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007)).

Here, Mr. Gill's complaint is completely devoid of any substantive allegations of a conspiracy or that Defendant Giuliani discriminated against him in any manner based on his race

or some class-based invidious matter. Accordingly, Mr. Gill's Section 1985 claim should be dismissed for this reason alone.

Additionally, generally speaking, when the allegations forming the basis of a claim pursuant to 42 U.S.C. § 1985(3) are vague, conclusory and fail to offer sufficient detail about the agreement between the alleged conspirators, dismissal is warranted. *Graham v. City of New York*, 2015 N.Y. Misc. Lexis 3356, *17-18 (Sup. Ct. Bx. County Aug. 10, 2015) (collecting cases); Nocro, Ltd. v Russell, 94 AD3d 894, 895, 943 N.Y.S.2d 116 (2d Dept 2012) ("Finally, the Supreme Court properly concluded that the appellant failed to state a cause of action under the fourteenth cause of action alleging conspiracy, in effect, pursuant to 42 U.S.C. § 1985(3). The appellants' contentions regarding conspiracy are vague and conclusory, and fail to offer sufficient factual details regarding an agreement among the respondents/defendants to deprive the appellant of property in the absence of due process of law, the equal protection of the laws, or privileges and immunities secured to the appellant by the laws and the Constitution of the United States."); *Landmark West! v. Tierney*, 25 A.D.3d 319, 320 (1st Dept 2006) ("Petitioner's conspiracy and 42 USC § 1983 claims lack allegations sufficient to show a scheme to undermine its First Amendment right to petition the Commission."); *Scarfone v Village of Ossining*, 23 AD3d 540, 541, (2d Dept 2005) ("The plaintiff's speculative and conclusory allegations that Civil Service Employees Association (hereinafter CSEA) and Michael J. Duffy acted in concert with the Village and its agents to deprive the plaintiff of her constitutional rights, and that they conspired with the Village to deprive her of her constitutional rights, without factual allegations or other support, were insufficient to state causes of action pursuant to 42 USC § 1983"); *Ford v Snashall*, 285 A.D.2d 881, 882 (3d Dept 2001) ["[a] claim for conspiracy to violate civil rights requires a detailed fact pleading and a complaint containing only conclusory, vague and general allegations

of a conspiracy to deprive a person of constitutional rights cannot withstand a dismissal motion. Since plaintiff failed to substantiate his fourth and fifth causes of action with detailed factual information concerning the alleged conspiracy, these claims were properly dismissed" (internal citations and quotation marks omitted).

Here, the entirety of the allegations are vague and conclusory and certainly lack the detailed pleading required in *Ford.* Plaintiff alleges, "All defendants participated in an unlawful conspiracy, pursuant to 42 U.S.C. Sec. 1985, to deprive Plaintiff of his right to liberty, to his right to speak freely without retribution, and to be free from reasonable seizures, in violation of his rights under the First, Fourth, and Fourth Amendments to the Constitution of the United States." Compl. ¶ 57. This is basically the extent of the allegations of conspiracy.  The allegations of conspiracy are entirely speculative and conclusory, which is insufficient to state a claim under Section 1985. Plaintiff tries to use Mr. Giuliani's comments to the media about the police seeing a seventy-eight year old man being assaulted (Complaint ¶¶ 44-45), but this is insufficient factual detail to support the Section 1985 claim because it does not plead an agreement between Mr. Giuliani and any of the police officers. Plaintiff fails to offer sufficient factual details regarding an agreement between Mr. Giuliani and the NYPD, which is fatal to Plaintiff's Section 1985 claim.  Based on the foregoing, Plaintiff Second Cause of Action should be dismissed.

    **B.**    **Plaintiff's Fourth Cause of Action for Defamation Fails Because All of the Proffered Statements are Unactionable Opinions**

Plaintiff's Fourth Cause of Action must be dismissed because all of the purported proffered statements are unactionable opinions, clear hyperbole, or statements that are not "of and concerning" Plaintiff.  A plaintiff in a defamation lawsuit must base his or her claim on false statements of fact, not opinion, and those statements must be about him. *See Golub v. Enquirer/Star Group*, 89 N.Y.2d 1074 (N.Y. 1997). As a matter of law, opinions cannot be proven

7

untrue, and they are constitutionally protected. *Thomas H. v. Paul B.*, 18 N.Y.3d 580, 584, (N.Y. 2012); *Rinaldi v. Holt, Rinehart & Winston*, 42 N.Y.2d 369, 380 (1977); *Jaszai v. Christie's*, 279 A.D.2d 186, 188 (1st Dep't 2001). To be actionable, a statement must be factual, and thus, capable of being shown to be false, and as such, loose, figurative imprecise, or hyperbolic statements, even if deprecating the plaintiff, are not actionable. *Dillon v. City of New York*, 261 A.D.2d 34, 38 (1st Dept 1999); *Konig v CSC Holdings, LLC*, 112 A.D.3d 934, 935 (2d Dept 2013) ("In determining whether a complaint states a cause of action to recover damages for defamation, the dispositive inquiry is whether a reasonable listener or reader could have concluded that the statements were conveying facts about the plaintiff"). The determination of whether a statement is one of fact or opinion is for the court to undertake on a pre-answer motion to dismiss. *See Steinhilber v. Alphonse*, 68 N.Y.2d 283, 290 (N.Y. 1986).

> (1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to signal [to] readers or listeners that what is being read or heard is likely to be opinion, not fact.

*Mann v Abel,* 10 N.Y.3d 271, 276 (N.Y 2008); *Brian v. Richardson*, 87 N.Y.2d 46, 51(N.Y. 1995). The third factor is critical to determining whether the alleged defamatory statements consist of ―assertions of facts [or] nonactionable expressions of opinion. *Brian*, 87 N.Y.2d at 51. It is important for a court to ―consider the content of the communications as a whole, as well as its tone, forum, and apparent purpose. *Id*. (citation omitted). ―Even apparent statements of fact may assume the character of statements of opinion, and thus be privileged, when made in public debate,

heated labor dispute, or other circumstances in which Page 6 an audience may anticipate the use of epithets, fiery rhetoric or hyperbole. *Steinhilber*, 68 N.Y.2d at 294.

Paragraph 50 of the Complaint contains the purportedly defamatory statements, none of which are actionable:

- ***Defendant Giuliani falsely stated that Plaintiff said to him: "You f'n this, you f'n that. He then says you're going to kill babies. Um, no not babies. You're going to kill women."*** This statement, as alleged in the Complaint, is confusing and does not make much sense. Thus, the statement does not satisfy the New York Court of Appeals' first prong in assessing whether a statement is meant to be opinion, because the statement has an imprecise meaning that is not readily understood. It also cannot be readily proven true or false. Mr. Giuliani claims that Mr. Gill started shouting to him about abortion. The broader social context shows that Mr. Giuliani is voicing his opinion on what he heard Mr. Gill say, which further supports a claim that Mr. Giuliani was merely stating an unactionable opinion.

- ***Defendant Giuliani falsely stated that Plaintiff appeared "drunk or high."*** This reflects Mr. Giuliani's opinion regarding what he observed about the Plaintiff. To the extent the word "appeared" is part of the quote, this supports the analysis that the statement is not actionable because Mr. Giuliani is reflecting his opinion. The greater social context of the statement shows that Mr. Giuliani is expressing an opinion based on his views of the event that transpired.

- ***Defendant Giuliani mocked Plaintiff, referring to him as a "little squirt" and a "little shit," commenting "that little shit is not going to stop me," falsely stating that Plaintiff somehow want to "stop" defendant Giuliani from doing something.*** This entire statement

9

fails under the first prong of the Court of Appeals defamation test for opinions, because "little squirt" and "little shit" are deprecating terms with imprecise meanings. Stating that "he is not going to be able to stop me" is another opinion statement with an imprecise meaning. Nothing in this statement can be proven true or false and the greater social context demonstrates that Mr. Giuliani is making a statement using rhetoric of perseverance and determination, despite the events that transpired at the supermarket.

- ***Defendant Giuliani falsely referred to Plaintiff as part of the "criminals" who "were taught no respect by Joe Biden."*** This is clearly an unactionable statement of opinion meant to make a political statement using rhetoric. It cannot be proven true or false and the broad social context shows that Mr. Giuliani is clearly making an opinion statement that today's political climate has led people to be disrespectful enough to come up to someone and hit them and shout at them—which is not disputed, regardless of the force of the contact or what was actually said. Furthermore, New York courts have held that calling someone a "criminal" without more is not actionable as defamatory. It is not "slander per se to charge that one is a 'bad man, a 'criminal, or a 'crook' ... [as] [s]uch words are too general." *Ginarte Gallardo Gonzalez & Winograd, LLP v. Schwitzer*, 159991/2018, 2019 N.Y. Misc. LEXIS 5926 (Sup. Ct. New York County Nov. 4, 2019), citing (*Privitera v Town of Phelps*, 79 AD2d 1, 4 (4th Dept 1981).

- ***Defendant Giuliani falsely stated that Plaintiff was "probably looking for an eighty-five-year-old to knock over."*** Again, this statement clearly reflects Mr. Giuliani's opinion and contains hyperbole and is stated in a jocular tone. Mr. Giuliani was talking about how he was seventy-eight years old and stating that the Mr. Gill wanted to knock over an eighty-five year old. This is an opinion that cannot be proven true or false and the broad social

context, including use of the word "probably," signals to a reader that Mr. Giuliani is not stating a fact regarding Plaintiff's intention to knock over an eighty-five year old.

- ***Defendant Giuliani falsely stated that "I worry about this little punk for you—because if he can come and hit me, a 70-year-old, next thing you know, he's going to hit you."*** This statement similarly reflects Mr. Giuliani's opinion.  Use of deprecating terms like "punk" is not actionable and expressing "worry" is clearly an opinion terms that cannot be proven true or false.

- ***When the charges were downgraded, defendant Giuliani again falsely referred to Plaintiff as a "criminal," stating finally, I thought we had a DA in New York in Staten Island who was a real DA in favor of protecting victims and not letting criminals go free."***  As demonstrated *supra,* New York courts have held that calling someone a "criminal" without more is not actionable as defamatory.  Moreover, this quote is clearly an opinion that is not "of and concerning" Plaintiff; it is about the DA.

- Paragraph 51 of the Complaint also contains a number of statements that Mr. Giuliani made about his injury.  These, too, are not actionable because they are not "of and concerning" Plaintiff, so they cannot form the basis of a defamation claim.  *Three Amigos SJL Rest., Inc. v CBS News Inc.*, 28 N.Y.3d 82, 86-87 (N.Y. 2016).  Based on the foregoing, the Complaint has not put forth an actionable defamatory statement and therefore the Fourth Cause of Action must be dismissed.

**C.     Plaintiff's Fifth Cause of Action, Which Seems to Be A Cause of Action for Intentional Infliction of Emotional Distress, Must Be Dismissed For Failing to Meet the Rigorous Pleading Standard For This Cause of Action**

As with the other causes of action, Plaintiff's Fifth Cause of Action—a cause of action that appears to allege a claim for intentional infliction of emotional distress—fails to state a cause of action.

To state a claim for intentional infliction of emotional distress in New York, a plaintiff must allege: "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Cardoso v. Wells Fargo Bank, N.A.*, No. 21-CV-8189, **2022 U.S. Dist. LEXIS 171105, \*18-19 (S.D.N.Y. Sept. 20, 2022) citing** *Howell v. N.Y. Post Co.*, 81 N.Y.2d 115 (N.Y. 1993); *Brunache v. MV Transp., Inc.*, 151 A.D.3d 1011, 1014 (2d Dep't 2017). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting ***Murphy v. Am. Home Prods. Corp.*, 58 N.Y.2d 293, 448 N.E.2d 86, 90, 461 N.Y.S.2d 232 (N.Y. 1983)**)) (finding no cause of action for intentional infliction of emotional distress in claim stemming from wrongful discharge of employee); ***accord Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir. 1999)**. The New York Court of Appeals has observed that "the requirements of [an intentional infliction of emotional distress claim] are rigorous, and difficult to satisfy" and that because of this, "of the intentional infliction of emotional distress claims considered by [the New York Court of Appeals], everyone has failed because the alleged conduct was not sufficiently outrageous." *Cardoso*, **2022 U.S. Dist. LEXIS 171105, \*18-19;** *Howell*, **612 N.E.2d at 702**; *see also Turley v. ISG Lackawanna, Inc.*, **774 F.3d 140, 158 (2d Cir. 2014)** (explaining that intentional infliction of emotional distress "remains a highly disfavored tort under New York law" and "is to be invoked only as a last resort").

As demonstrated *supra,* a claim for intentional infliction of emotional distress is a disfavored cause of action with rigorous pleading requirements.  Here, Plaintiff's allegations fall woefully short of meeting these pleading requirements.  Plaintiff merely alleges "Defendant Giuliani's conduct and statements were unlawful and outrageous, made for the purpose of inflicting emotional distress on

Plaintiff and did inflict said emotional distress." *Complaint ¶* 64. Plaintiff has certainly not alleged anything close to extreme and outrageous conduct that went beyond all bounds of decency. It is beyond dispute that Plaintiff hit Mr. Giuliani and while Plaintiff can dismiss it as a "tap," the video shows otherwise. Mr. Giuliani's response and comments were certainly not so outrageous that they meet the requisite standard of the first element of the Fifth Cause of Action. Additionally, the Complaint does not plead any specific emotional distress, much less severe emotional distress, other that claiming that Mr. Giuliani "did inflict said emotional distress," another flaw to maintaining this cause of action. Compl. ¶ 25. Based on the foregoing conclusory, insufficient allegations, the Fifth Cause of Action must be dismissed.

### D. Plaintiff's Sixth Cause of Action for Negligent Infliction of Emotional Distress Must be Dismissed As Against Giuliani Because No Duty Was Owed to Plaintiff And Plaintiff Has Not Alleged Fear for His Safety

Plaintiff's Sixth Cause of Action for negligent infliction of emotional distress fails as a matter of law. Under New York law, to state a claim for negligent infliction of emotion distress, plaintiffs must allege: (1) that he or she was owed a duty by defendant, (2) the duty was negligently breached, (3) the breach (a) caused plaintiff to fear for his or her own safety, or (b) unreasonably endangered his or her physical safety (*see Jason v Krey*, 60 AD3d 735, 736 (2d Dept 2009); *Kunkel v. New York City Dept. of Bldgs.*, 158997/2021, 2023 N.Y. Misc. LEXIS

1332, *17-*18 (Sup. Ct. New York County Mar. 24, 2023), citing *Bernstein v. E. 51st St. Dev. Co., LLC*, 78 AD3d 590, 591, 914 N.Y.S.2d 3 (1st Dept 2010) ("A cause of action to recover damages for negligent infliction of emotional distress... generally must be premised upon the breach of a duty owed to plaintiff which either unreasonably endangers plaintiff's physical safety, or causes the plaintiff to fear for his or her own safety.")

Here, Plaintiff has not pleaded (and cannot plead) that Mr. Giuliani owed any duty to Plaintiff, because Mr. Giuliani did not owe any duty to Plaintiff. Mr. Gill hit/tapped/touched Mr. Giuliani while he was visiting a supermarket. For this reason alone, the Sixth Cause of Action must be dismissed. Additionally, Plaintiff has not pleaded any action on the part of Mr. Giuliani that endangers Plaintiff's physical safety or caused Plaintiff to fear for his own safety, thereby providing another basis to dismiss the Sixth Cause of Action.

## V. CONCLUSION

Based on the foregoing, the Court should dismiss the Complaint in its entirety, against Mr. Giuliani.

Dated: August 21, 2023

*[signature]*

Rudolph W. Giuliani
*Defendant Pro Se*

45 East 66th Street, 10th Fl.
New York, NY 10065

14