December 2 6, 2024

**Via Electronic Submission to Clerk**

Hon. Denise L. Cote, U.S.D.J.
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: Gill v. Giuliani, 1:23-cv-4087

Dear Judge Cote:

    As the Court is aware, I am a *pro se* Defendant in the above-referenced action. I write to seek leave from the Court to accept the attached answer, even though it was filed after the Court-allotted deadline.

    I have a reasonable excuse for the untimeliness of my answer and it certainly was not intentional. On November 21, 2023, I filed my reply in further support of my motion to dismiss the Amended Complaint. *See* Dkt. No. 54. The case remained completely dormant for a full year and then a year later, on November 21, 2024 the Court decided the aforementioned motion to dismiss. *See* ECF Dkt. No. 56. The matter was not on my radar and I did not receive the Court's decision and order on the motion to dismiss, and its subsequent order for an initial conference to be held on December 12, 2024. I had not been checking the email address assigned to this case as frequently during that time period and the ECF filings were being sent to another folder, apart from my main inbox. I have since corrected that issue and I received the Court's order, dated December 12, 2024. *See* ECF Dkt. No. 58. I also thought that if many of the claims were dismissed, which they were, the Court would have ordered Plaintiff to conform the complaint to the Court's decision.

    As the Court is aware, it is this Court's preferred policy to adjudicate matters on the merits rather than on default. Here, there are numerous defenses as to whether the two remaining statements at issue are defamatory. As an initial matter, as the Court referenced in its December 12, 2024 order, this Court lacks subject matter jurisdiction over the instant dispute, now that the federal claims have been dismissed. Additionally, the two remaining statements cannot be defamatory. Plaintiff will not be able to prove the falsity of either statement, and the second statement is not "of and concerning" Mr. Gill. The first statement also contains hyperbolic rhetoric with an incoherent allegation (but appears to be about abortion rights). Finally, any damages stem from Mr. Gill's own actions—not mine.

    If the Court is to accept the answer and reschedule the conference, I ask that the Court give me 30 days to try to find an attorney to represent me in this matter. As the Court may be aware from media reports, I live in Florida now, and it is difficult for me to travel to New York for these conferences. Given the holiday season, 30 days is necessary to try to interview and retain an attorney.

Plaintiff's counsel, Mr. Gill, has indicated that he will not move for default if I submit my answer by the end of the year, which I have done.

I thank the Court for its attention to this request.

Respectfully Submitted,

Rudolph W. Giuliani