```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
DANIEL GILL,                            :    23cv4087 (DLC)
                        Plaintiff,      :
                                        :    OPINION AND
            -v-                         :       ORDER
                                        :
RUDOLPH GIULIANI,                       :
                        Defendant.      :
                                        :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

Plaintiff Daniel Gill originally brought this action against Rudolph Giuliani, the City of New York, and four named officers in the New York City Police Department. The plaintiff only brought state-law claims against Giuliani. He brought both state-law and federal-law claims against the other defendants, including false arrest claims pursuant to 42 U.S.C. § 1983. An Opinion of November 21, 2024 dismissed the majority of the claims in the case, leaving only a state-law defamation claim against Giuliani, the only remaining defendant. Pursuant to an Order of January 6, 2025, the parties submitted letters addressing the question of whether this Court should exercise supplemental jurisdiction in this case.

A district court may decline to exercise supplemental jurisdiction over a state-law claim if it "has dismissed all claims over which it has original jurisdiction." 8 U.S.C. § 1367(c)(3). Once a court has dismissed all federal claims, it

must decide whether the traditional values of "economy, convenience, fairness, and comity" counsel against the exercise of supplemental jurisdiction.  Catzin v. Thank You & Good Luck Corp., 899 F.3d 77, 85 (2d Cir. 2018) (citation omitted).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims."  Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) (citation omitted).  Thus, "[i]t is well settled that where ... the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims."  Whiteside v. Hover-Davis, Inc., 995 F.3d 315, 325 (2d Cir. 2021) (citation omitted).

There is no reason in this case to depart from the ordinary practice of dismissing the remaining state-law claim.  The federal claims have been resolved and discovery has not begun.  Judicial economy and comity weigh in favor of dismissal.  The plaintiff's concerns that Giuliani will use "tactics of obstruct and delay" do not warrant exercising supplemental jurisdiction in this case, and such concerns can be raised in state court.  Accordingly, it is hereby

ORDERED that the Court declines to exercise supplemental jurisdiction over the remaining state-law claim, which is hereby dismissed without prejudice to filing in state court. The Clerk of Court shall close the case.

Dated:   New York, New York
         January 23, 2025

                                          DENISE COTE
                              United States District Judge